O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CONGREGATION ETZ CHAIM, et al. ) | Case No. 10-1587 CAS (Ex) |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **JUDGMENT** |
| ) | |
| CITY OF LOS ANGELES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

1    This action came on for hearing on May 16, 2011, on Plaintiffs Congregation Etz
2    Chaim of Hancock Park and Congregation Etz Chaim's Motion for Partial Summary
3    Judgment and Defendant City of Los Angeles's (the "City") Motion for Partial Summary
4    Judgment before the Honorable Christina A. Snyder, presiding.  The evidence presented
5    having been fully considered, the issues having been duly heard and a decision having
6    been duly rendered,

7    The Court finds and declares that Los Angeles Municipal Code § 12.24(W)(9) as
8    it was applied to the Congregation's use of the residence located at 303 S. Highland
9    Avenue, Los Angeles (the "Property") violates § 2000cc(a) and § 2000cc(b)(1) of the
10   Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et
11   seq. as adjudged herein.

12   Now, therefore,

13   **IT IS ORDERED AND ADJUDGED** that Judgment be entered in favor of
14   Plaintiffs Congregation Etz Chaim and Congregation Etz Chaim of Hancock Park
15   (collectively, "the Congregation") and against Defendant City of Los Angeles as
16   follows:

18   Declaratory judgment is entered in favor of the Congregation and against the City
19   based on the Court's finding that the City's denial of the Congregation's June 2, 2008,
20   application for a conditional use permit ("CUP") and variance (AR 88–99) violates
21   § 2000cc(a) and § 2000cc(b)(1) of the Religious Land Use and Institutionalized Persons
22   Act of 2000, 42 U.S.C. § 2000cc et seq.

24   Judgment is entered in favor of the Congregation and against the City on the
25   Congregation's first claim for relief pursuant to the Religious Land Use and
26   Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc(a).

Judgment is entered in favor of the Congregation and against the City on the Congregation's second claim for relief pursuant to the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc(b)(1).

Due to the Court's finding that the City's actions were in violation of 42 U.S.C. § 2000cc(b)(1), the Court declines to reach the Congregation's third claim for relief pursuant to 42 U.S.C. § 2000cc(b)(2).

The City's Motion for Partial Summary Judgment having been denied in its entirety, the City shall take nothing.

It further **ORDERED AND ADJUDGED** that Defendant City of Los Angeles's denial of the Congregation's June 2, 2008, application for a CUP and variance, and any action by the City that would prevent the Congregation from continuing the use of the Property pursuant to the terms of that application, as limited by the terms of the Settlement Agreement, shall be permanently **RESTRAINED AND ENJOINED**.

It is further **ORDERED AND ADJUDGED** that a Permanent Injunction be issued restraining the City, its officers, agents, employees, and all the persons acting in concert or participation with them from enforcing or threatening to enforce against the Congregation Los Angeles Municipal Code § 12.24(W)(9) and § 12.21(A)(4)(e) with regard to the use of the Property on the terms of use set forth in the 2001 Settlement Agreement between the Congregation and the City, and as set forth herein below, and that said Permanent Injunction shall enjoin the City, its officers, agents, employees, and all the persons acting in concert or participation with them from attempting to enforce Los Angeles Municipal Code § 12.24(W)(9) and § 12.21(A)(4)(e) against the Congregation with regard to use of the Property on such terms.

Specifically, in accordance with the terms set forth in the September 2001 Settlement Agreement between the Congregation and the City (AR 296), the daily prayer gatherings at the Property shall be subject to the following terms of use:

A.      No religious service or any other gathering shall be allowed except between 7:00 a.m. and one hour after sundown.  This limitation shall not be interpreted to prohibit any resident from engaging in religious activities at the Property.

B.      No more than fifteen (15) persons shall gather for religious service during weekdays, except that the number may be between sixteen (16) and twenty (20) no more than two times per month.

C.      No more than fifty (50) people shall be allowed to enter the Property for any given religious service on Sabbath, except on High Holy Days when an additional ten (10) people may be allowed.

D.      The Congregation shall limit the number of automobiles driven by its members to the Property during weekdays to six (6).

E.      The Congregation shall prohibit its members from driving to or parking within three blocks of the Property for the purpose of attending religious services or engaging in any other activity relating to the Sabbath and High Holy Days at the Property.

F.      The Congregation shall not conduct, maintain, use or promote the following activities at the Property:  weddings, receptions or banquets of any kind, fundraising activities, day care, or funerals.

G.      The Congregation shall not post any signs, posters or flyers on the Property.

\\
\\
\\
\\

4

1
2
3
4

Further, as requested in the June 2, 2008, application (see AR 83, 90-91), the Congregation shall be permitted to provide two on-site parking places at the Property, and shall not be required to provide the 12 spaces otherwise required by Los Angeles Municipal Code § 12.27(A)(4)(e).

5

6
7
8
9
10

Further, in accordance with the Court's April 17, 2012, Order Regarding Scope of Damages and Attorneys' Fees and Dismissing Individual Plaintiffs (the "Order of April 17, 2012"), it is hereby **ORDERED AND ADJUDGED** that the individual plaintiffs of Congregation Etz Chaim, an unincorporated association, are dismissed on the ground that they lack standing under Section 2 of RLUIPA.

11

12
13
14
15

Further, based on the Order of April 17, 2012, limiting the Congregation's scope of damages to those incurred on or after February 23, 2010, and the Congregation having presented no such damages, it is further **ORDERED AND ADJUDGED** that the Congregation shall take nothing in the form of damages.

16

17
18
19
20
21

It is further **ORDERED AND ADJUDGED** that this Court shall retain continuing jurisdiction over both the subject matter of and the parties to this action for the purpose of issuing such further orders or directions as may be necessary or appropriate to construe, implement, modify, enforce, terminate or reinstate the terms of the permanent injunction issued herein, or for any other relief as the interests of justice may require.

22

23

Dated:  May 15, 2013

24
25
26

CHRISTINA A.  SNYDER
United States District Judge

27
28

5